JENSEN, Respondent, vs. GRAHAM, Appellant.

*December 3, 1929—January 7, 1930.*

For the appellant there was a brief by *McGovern, Curtis, Devos & Reiss* of Milwaukee, and oral argument by *John J. Devos.*

*C. A. Nelson* of Milwaukee, for the respondent.

Owen, J. The defendant was under general contract to erect a dwelling. He contracted with the plaintiff to do the painting inside and out in a good workmanlike manner according to specifications. Plaintiff brings this action to recover under the painting contract. The defense is that the work was not done in a workmanlike manner nor in accordance with the requirements of the contract.

Much fault is found with the job. There is a good deal of testimony to show that the outside painting was not done in a workmanlike manner and that the paint would brush off, leaving chalk marks on the hands or the clothing coming in contact therewith. There is other testimony, however, that the work was done in a good workmanlike manner, and, whether it was or not, seems to present a clear jury question. There is like evidence with reference to the inside painting, and whether that was done in a good workmanlike manner also presents a typical jury question. However, the contract required that the oak floors be given two coats of varnish.

It is conceded by the plaintiff that he applied one coat of shellac and only one coat of varnish. It is also conceded that this was not in accordance with the contract.

The first question submitted to the jury was this: "Did the plaintiff perform the work in accordance with the written agreement in question in a good workmanlike manner?" The jury answered this question Yes, and pursuant to the instruction of the court did not answer the second question, which asked "What was the reasonable cost of having the defects in the work remedied so that it would conform with the contract?" As it is undisputed that the oak floors received one coat of shellac and one coat of varnish, while the contract called for two coats of varnish, there was no justification for the finding of the jury that the work was performed in accordance with the written contract. The answer to that question cannot stand, in view of the conceded fact that the work was not done in accordance with the written contract.

Further material considerations necessary to a determination of the rights of the parties are, whether the plaintiff offered to complete the work so that it would conform with the contract and the reasonable cost of the work necessary to make it conform with the contract. There is evidence in the record bearing upon both of these questions, but it is in dispute, and neither question can be determined by the court so as to direct the entry of the proper judgment. For these reasons there must be a new trial.

*By the Court.*—Judgment reversed, and cause remanded with instructions to grant a new trial.